132 A.3d 978

In re Petition of the BOROUGH OF DOWNINGTOWN.

Petition of Friends of Kardon Park and Ann Feldman.

In re Petition of the Borough of Downingtown.

Petition of Friends of Kardon Park and Ann Feldman.

In re Petition of the Borough of Downingtown.

Petition of Friends of Kardon Park and Ann Feldman.

In re Petition of the Borough of Downingtown.

Petition of Friends of Kardon Park and Ann Feldman.

In re Petition of the Borough of Downingtown.

Petition of Borough of Downingtown, Council of the Borough of Downingtown, Progressive Housing Ventures, LLC and J. Loew & Associates, Inc.

In re Petition of the Borough of Downingtown.

Petition of Borough of Downingtown, Council of the Borough of Downingtown, Progressive Housing Ventures, LLC and J. Loew & Associates, Inc.

In re Petition of the Borough of Downingtown.

Petition of Borough of Downingtown, Council of the Borough of Downingtown, Progressive Housing Ventures, LLC and J. Loew & Associates, Inc.

In re Petition of the Borough of Downingtown.

Petition of Borough of Downingtown, Council of the Borough of Downingtown, Progressive Housing Ventures, LLC and J. Loew & Associates, Inc.

In re Petition of the Borough of Downingtown.

Petition of Kim Manufacturing Company and Stewart Hall, L.P.

In re Petition of the Borough of Downingtown.

Petition of Kim Manufacturing Company and Stewart Hall, L.P.

In re Petition of the Borough of Downingtown.

Petition of Kim Manufacturing Company
and Stewart Hall, L.P.

In re Petition of the Borough of Downingtown.

Petition of Kim Manufacturing Company
and Stewart Hall, L.P.

Supreme Court of Pennsylvania.

Feb. 17, 2016.

## ORDER

PER CURIAM.

AND NOW, this 17th day of February, 2016, the Petitions for Allowance of Appeal at 410–413 MAL 2015 are **GRANTED** as to the following issues, as framed by Petitioners:

a. Where a municipality has satisfied the requirement to dispose of condemned property under Section 310(a) of the Eminent Domain Code by abandoning the purpose for which the property was condemned, does the Donated or Dedicated Property Act, Act of Dec. 15, 1959, P.L. 1772, 53 P.S. §§ 3381 *et seq.* (the "DDPA") nonetheless require judicial approval before a municipality may dispose of that property?

b. Where a municipality intends to abandon property acquired by condemnation and where that intent is coupled with external acts to achieve such abandonment, has the purpose of the property been "abandon[ed]" for purposes of Section 310(a) of the Eminent Domain Code?

Furthermore, the Petitions for Allowance of Appeal at 358–361 MAL 2015 and 424–427 MAL 2015 are **GRANTED, LIMITED TO** the following issues:

a. Does the removal of Project 70 Act deed restrictions also remove all public trust interests in dedicated parkland, such that judicial review of the sale of such parkland would no longer be required under the Donated or Dedicated Property Act, 53 P.S. §§ 3381–3386?

b. May municipalities convey private development easements over public parkland without first obtaining Orphans' Court approval under the DDPA?

The Prothonotary is directed to consolidate these matters for argument.

Justice EAKIN did not participate in the decision of this matter.